Elizabeth Ann MILLIGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45265.

Court of Criminal Appeals of Texas.

April 5, 1972.

T. P. Henley, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong, Bill Harris and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin where the punishment was assessed at 5 years.

At the outset appellant challenges the sufficiency of the evidence to sustain her conviction.

On July 6, 1971, the 22 year old appellant waived trial by jury and entered a plea of guilty before the court after being duly admonished as to the consequences of her plea by the court.

The evidence was entirely stipulated in writing in accordance with Article 1.15, Vernon's Ann.C.C.P., and in the same manner and using the same forms as described in some detail in Degay v. State, 455 S.W. 2d 205 (Tex.Cr.App.1970). Such procedure represents a careful compliance with Article 1.15, Vernon's Ann.C.C.P. Among the stipulations is found the following:

"Said defendant in person together with his counsel and the attorney representing the State of Texas further agrees that such exhibits and stipulations as well as this instrument may be considered as a part of the Statement of Facts in said cause, and that such stipulated evidence is true and correct.

"that the defendant, his attorney and State's attorney do further stipulate and the defendant judicially confesses that on March 20, 1971, she did unlawfully possess a narcotic drug, to wit: Heroin in Bexar County Texas and further Joe Felix Zamora participated and aided in the possession of the drug."

The stipulations also included the fact that the appellant was the identical person named in the indictment and that all the acts and allegations of the indictment were true and correct.

All of the stipulations were signed by the appellant and sworn to before the clerk of the court and introduced into evidence. Without consideration of the exhibits and other evidence, the foregoing is sufficient to constitute a "judicial confession" and to support the plea of guilty and the judgment entered. Alvarez v. State, 374 S.W.2d 890 (Tex.Cr.App.1964); Bell v. State, 455 S.W.2d 230 (Tex.Cr.App. 1970); Degay v. State, supra; Soto v. State, 456 S.W.2d 389 (Tex.Cr.App.1970); Wilson v. State, 465 S.W.2d 171 (Tex.Cr. App.1971). Cf. Beaty v. State, 466 S.W.2d 284 (Tex.Cr.App.1971).

Appellant also challenges the constitutionality of the indeterminate sentence law. She claims it is "vague, indefinite and uncertain." No other argument is advanced, the ground of error is not briefed and no authorities are cited. Such ground of error does not comply with Article 40.09, § 9, Vernon's Ann.C.C.P. Nothing is presented for review.

The judgment is affirmed.