**Ronald Lewis SCHREIBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45493.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Bill Howell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, three (3) years.

The record reflects appellant waived his right to trial by jury and, after being duly admonished concerning the consequences of his action, entered a plea of guilty.

Appellant challenges the sufficiency of the evidence to support his conviction. He contends that the stipulations of evidence read into the record by the prosecutor are insufficient to support his conviction under Art. 1.15, Vernon's Ann.C.C.P., since they were oral rather than written.[1] However, in addition to appellant's consent to stipulate evidence in accordance with Art. 1.15, V.A.C.C.P., the record contains his written judicial confession sworn to before a Deputy District Clerk and approved by the judge and appellant's attorney wherein he states that "on or about the 21st day of August, 1970, herein in Harris County, Texas, I did then and there unlawfully possess the narcotic drug, Heroin."

'A written judicial confession which was introduced in evidence and which ad-

1. Article 1.15, V.A.C.C.P., as amended, now permits oral stipulations.

mits the allegations in the indictment is sufficient to support a conviction on a plea of guilty. Edwards v. State, Tex.Cr.App., 478 S.W.2d 473 (April 5, 1972); Milligan v. State, Tex.Cr.App., 478 S.W.2d 552 (April 5, 1972); Barfield v. State, Tex.Cr.App., 467 S.W.2d 431; and Drain v. State, Tex. Cr.App., 465 S.W.2d 939.

The judgment is affirmed.