**Roy F. STREAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45848.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 13, 1972.

Shirley W. Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Quinlan, III, and Richard D. Woods, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is felony theft; the punishment, three years. Appellant pled guilty to the charge.

Two grounds of error are raised on appeal.

Appellant first attacks the sufficiency of the evidence. The record reflects the following stipulation of testimony:

"Said defendant in person together with his counsel and the attorney representing the State of Texas further agrees and consents in writing in open court to the introduction of testimony on behalf of the State by affidavits, written statements of witnesses, and any other documentary evidence that may be offered in support of any judgment that may be entered in said cause, all of which are attached hereto, marked Exhibit Nos. 2-13 inclusive and made a part hereof. Said defendant in person together with his counsel and the attorney representing the State of Texas further agrees that such exhibits and stipulations as well as this instrument may be considered as a part of the Statement of Facts in said cause, and that such stipulated evidence is true and correct. Defendant in person with counsel and State's counsel further agree and stipulate and defendant judically (sic) confesses that on August 7, 1971 he unlawfully took from the possession of Eva D. Beeder—one automobile of the value of $50.00 or more without her permission and with the intent to appropriate same to his use and benefit.

"Said defendant in person together with his counsel and the attorney representing the State of Texas agrees and stipulates that he, the said defendant, is

the identical person referred to in the attached exhibits and stipulated evidence, and if the above referred-to witnesses were present and testifying under oath they would identify the defendant as the person of whom they speak in said exhibits and stipulations.

"Said defendant in person under oath together with his counsel and the attorney representing the State of Texas further agrees and stipulates that he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment (Count No. 1 of said indictment) charging the offense of theft of property of the value of $50.00 or over are true and correct, and that the acts therein alleged occurred in Bexar County, Texas."

(Sworn to and signed by appellant.)

■ Without consideration of other evidence, the foregoing is sufficient to constitute a "judicial confession" and to support the plea of guilty and the judgment entered. East v. State, 476 S.W.2d 292 (Tex.Cr.App.1972); Milligan v. State, 478 S.W.2d 552 (Tex.Cr.App.1972); Schreiber v. State, 480 S.W.2d 688 (Tex.Cr.App. 1972); Alvarez v. State, 374 S.W.2d 890 (Tex.Cr.App.1964).

Appellant's first ground of error is overruled.

Next, appellant contends that the "trial court erred in failing to comply with statutory provisions for accepting a plea of guilty." Appellant argues that the court did not satisfy an element of Art. 26.13, Vernon's Ann.C.C.P., in that there was no determination that defendant was sane at the time of making the plea of guilty. The record reflects that on November 23, 1971, defense counsel filed a "Motion for Determination of Defendant's Sanity." On that same day, defense counsel wrote the following letter to the trial judge:

"I have this day received a letter from Raymond Streaker, Sr., which raises the possibility that the defendant may not be sane.[1] This defendant did not appear to me to have any mental defect, not being competent to determine such matters, I have filed the enclosed motion. This matter is set for trial November 29, 1971. I am sorry to bring this matter up at this late date, however, I must respect his parents wishes on this matter. I am enclosing copies of all correspondence which relates to this matter for your information."

In response, the judge ordered a psychiatric evaluation of appellant. The lengthy psychiatric report concluded that "Mr. Streaker is able to differentiate right from wrong behavior; he is also able to assist his attorney in his defense, if he so desires. . . ."

■ The essence of appellant's contention is that the "Motion for Determination of Defendant's Sanity" amounted to a plea of insanity, and therefore, the judge could not accept the plea of guilty, since these two pleas are incompatible. We cannot agree that there was ever a plea of insanity in this case. See Valdez v. State, 475 S.W.2d 786 (Tex.Cr.App.1972). There was merely the "Motion for Determination of Defendant's Sanity," which was fully complied with by the court. The only pleas which are found in the record are a plea of "Not Guilty" entered September 24, 1971, upon arraignment, and a change of plea to "Guilty" entered on January 12, 1972.

■ Since the judge disposed of the "Motion for Determination of Defendant's Sanity," we now turn to the only remaining question, whether the judge made an inquiry into appellant's sanity before ac-

---

1. The letter from appellant's father recited that appellant had previously been a patient at an Ohio mental hospital for some five years.

cepting his plea of guilty. The following colloquy occurred between the trial judge and defense counsel, prior to acceptance of the guilty plea:

"THE COURT: Mr. Valdez, in your opinion is the defendant a person of sound mind?

"MR. VALDEZ: Judge, in my opinion, from speaking to the defendant and from my observations of him, he is a person of sound mind, knows the difference between right and wrong and understands the nature and consequences of his act.

However, the matter was brought up as to his sanity. I had filed a sanity motion. The Court had appointed an independent psychiatrist and that psychiatrist has determined that this defendant is sane. The psychiatrist's examination is part of the stipulation in this cause.

"THE COURT: It is part of the stipulation?

"MR. VALDEZ: Yes, sir."

Further, the judgment recited that "it plainly appearing to the court that the defendant is sane . . . the said plea of guilty was received by the court and is now entered of record." While it is true that there was evidence of appellant's mental condition, all of the evidence was that he was legally sane. See Guillory v. State, 400 S.W.2d 751, 756 (Tex.Cr.App.1966).

 Appellant further alleges that the court erred in not holding a hearing on the issue of his sanity at the time of the commission of the offense. However, before it may be said that a trial judge denied an accused a fair trial by failing to conduct a sanity hearing or inquiry, it must appear that the facts and circumstances which came to the court's attention were sufficient to indicate the necessity of such hearing or inquiry. Ring v. State, 450 S.W.2d 85 (Tex.Cr.App.1970).

In the present case, the judge ordered a psychiatric evaluation of appellant, and under the facts of the case, nothing more was required of him. See Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972).

Appellant's second ground of error is overruled.

The judgment is affirmed.