Michael Henry GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46300 to 46306.

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen McAshan, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant entered a plea of guilty to seven charges of felony theft and punishment was assessed in each cause at five years' confinement.

Four grounds of error are alleged.

■ Appellant first contends that the State failed to present evidence to sufficiently establish appellant's guilt. However, we note that appellant pled guilty in open court. He entered into a written stipulation of evidence in each case, confessing the truth of the charges against him. He waived his right of confrontation of witnesses, and consented to the introduction of the judicial confessions. The evidence presented is clearly sufficient to support the convictions. Streaker v. State, 487 S.W.2d 94 (Tex.Cr.App.1972); Bell v. State, 455 S.W.2d 230 (Tex.Cr.App.1970); Milligan v. State, 478 S.W.2d 552 (Tex. Cr.App.1972).

■ Appellant next argues that he did not waive his right to the ten days within which to prepare for trial, as authorized by Art. 26.04, Vernon's Ann.C.C.P. We are in full agreement with appellant that where there is a showing that there has been a failure to comply with the mandatory provisions of this article, reversal is ordinarily called for without any question of

harm or prejudice. Steward v. State, 422 S.W.2d 733 (Tex.Cr.App.1968).

However, appellant has failed to show such a non-compliance. The docket sheet in the present case reflects the following: On December 22, 1970, appellant filed a pauper's oath and a Mr. Slatten was appointed to represent him. On November 12, 1971, a motion to withdraw was filed by Mr. Slatten and the motion was granted. The trial began February 22, 1972, and appellant was represented by Mr. W. B. House, Jr.[1] Art. 26.04, V.A.C.C.P., would apply only if Mr. House was appointed counsel, and appellant concedes that there is nothing in the record to indicate whether Mr. House was appointed or retained counsel. The next docket entry after Mr. Slatten's withdrawal is dated February 22, 1972, the date of the trial. Thus, there is nothing to show that another attorney was appointed for appellant. Even if we assume that Mr. House was appointed, in the absence of a showing that such appointment was made less than ten days prior to trial, we decline to reverse the cause on this point. Steward, supra; Henry v. State, 433 S.W.2d 430 (Tex.Cr. App.1968); Carter v. State, 480 S.W.2d 735 (Tex.Cr.App.1972). Appellant's second ground of error is overruled.

 Appellant also alleges that he was denied his right to a speedy public trial, as required by Art. 1.05, V.A.C.C.P., and the United States Constitution. The indictments were returned against appellant in October and November of 1970. In May, 1971, appellant filed with the trial court a motion for a speedy trial. Nothing in the record reflects that the court acted on this motion. Appellant sought no further relief and his trial began on February 22, 1972. Thus, approximately fifteen months elapsed between the time of indictment and the date of trial. In his motion for a speedy trial, appellant's only contention of harm was that he was "not guilty of the allegations and hence, [was] being illegally detained, being deprived of his liberty." We again note that when appellant was finally brought to trial, he pled guilty to all of the charges against him. Appellant has failed to show any prejudice resulting from the delay. See Courtney v. State, 472 S.W.2d 151 (Tex.Cr.App.1971); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

 In his final ground of error, appellant challenges the sufficiency of the admonishment he received prior to the court's acceptance of his pleas of guilty. We have examined the record and find this contention to be wholly without merit. The admonishment was within the standards of the statute, Art. 26.13, V.A.C.C.P., and the guidelines set down by this Court. See Crocker v. State, 485 S.W.2d 566 (Tex.Cr. App.1972) and Jefferson v. State, 486 S. W.2d 782 (Tex.Cr.App.1972).

Finding no reversible error, we affirm the convictions.

---

1. The docket sheet erroneously recites that appellant appeared in court on February 22, 1972, with counsel Slatten.