Harold Emery HARMON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–372–cr.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Feb. 10, 1983.

Randell W. Friebele, Ferrero, Brasch, Friebele, & Mardis, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

PER CURIAM.

This is an appeal from a conviction for murder. Under an indictment charging him with capital murder, appellant pleaded guilty before the court to a lesser offense of murder and was assessed a punishment of 10 years.

A chronological listing of the procedural facts shows that the indictment, which was returned on June 24, 1981, alleges that the offense occurred on or about May 19, 1981. Shortly thereafter, on July 6, 1981, attorney Randell Friebele was appointed to represent appellant at the trial. Following trial, sentence was pronounced on October 26, 1981. Written notice of appeal was filed on November 5, 1981. The record shows that, on November 19, 1981, Mr. Friebele was officially appointed to represent appellant on his appeal. Notice of completion of the record was mailed on July 6, 1982. The record contains a transcript and statement of facts. No objections to the record were filed. Notice of approval of the record was mailed on August 13, 1982.

The appellant's brief was thus due in the Court of Appeals on or before September 13, 1982. Upon timely motion, the deadline was extended until September 20, 1982. That day came and passed with no brief being filed.

On September 29, 1982, the appellant's attorney filed an untimely[1] second motion to extend the brief deadline until November 20, 1982. Although this motion was denied, the Clerk of this Court, on October 12, 1982, advised Mr. Friebele that the Court, on its own motion, was granting appellant an additional thirty days from the date of the letter to file the appellate brief:

"... The Court has asked me to remind all attorneys that the briefing requirements of Article 40.09(9), Texas Code of Criminal Procedure, are mandatory. Attorneys who fail to file an appellant's brief are subject to the contempt powers of this Court, a possible finding that they have rendered ineffective assistance of counsel, and/or other sanctions for failing to comply with the mandatory requirements of this and other rules relating to the filing of briefs.

The deadline for filing appellant's brief in this case is now November 11, 1982. If the brief is not received on or before that date, notice is here given that the case will be set for submission on November 18, 1982. Thereupon, the Court will proceed to consider the appeal or take such other action as may be required by the circumstances."

The new time for filing appellant's brief was extended until November 11, 1982. That day came and passed, and no brief was filed. As stated in the letter, the case was set for submission on November 18, 1982. On November 23, 1982, an appellant's brief was received by the Court 64 days late.

---

1. Rule 6, Texas Criminal Appellate Rules (as amended Feb. 1, 1982) provides that all motions for extension of time shall be filed before the deadline for the filing of the item in question. The Texas Criminal Appellate Rules are compiled under Article 44.33, Texas Code of Criminal Procedure (Vernon Supp.1982).

We do not know whether counsel's failure to observe the rules of appellate procedure in this case was through design or negligence. In either event, he has added an unnecessary two months' time to the criminal appellate process. Because constitutional guarantees prevent a defendant from being penalized on appeal for the failures of his counsel, it appears that the only recourse this Court has to compel compliance with the rules is to impose strict sanctions against the attorney representing the appellant. *Guillory v. State,* 557 S.W.2d 118, 121 (Tex.Cr.App.1977).

■ It is the policy of this Court that, from this date forward, the Corpus Christi Court of Appeals will impose strict sanctions of the kind suggested in *Guillory* when it appears to us that an attorney is negligent or is interfering with the orderly administration of justice by noncompliance with the rules of criminal procedure. An attorney, whether retained or appointed, who undertakes to represent a defendant on appeal in a criminal case has a duty to his client, a duty to the courts of this State and a duty to the legal profession of which he is a member to familiarize himself with the applicable rules of criminal procedure and to follow those rules to the letter.

Appellant's attorney, Randell Friebele of Harlingen, Cameron County, Texas, is hereby ordered to appear in person before this Court sitting en banc on the 19th day of January, 1983, at 10:00 o'clock a.m. and explain his action and to receive from this Court such sanctions as the Court deems proper and necessary.

■ We proceed now to address appellant's grounds of error. In ground of error one, appellant contends that the evidence is insufficient to support the conviction. In support of its case, the State offered into evidence a written document signed by appellant in which appellant stipulates that he "is the identical person named in the indictment" and that "each and every allegation is (sic) said indictment charging the offense of: Murder is true and correct." This stipulation constitutes a judicial confession and is alone sufficient to support the conviction.

*Schreiber v. State,* 480 S.W.2d 688 (Tex.Cr. App.1972). Ground of error one is overruled.

■ In ground of error two, appellant contends his plea was involuntary because he never received notice of the culpable mental state element of murder. In support of this contention, he cites *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In *Henderson,* the defendant pleaded guilty to the lesser included offense of second degree murder under an indictment charging him with first degree murder. An essential element of second degree murder was that the accused acted intentionally when he caused the death. Based on a finding that appellant entered his plea without knowledge of this element, the Supreme Court held that appellant received inadequate notice of the offense to which he was pleading guilty and that his plea was therefore involuntary.

The facts in this case are distinguishable from those in *Henderson.* Here, unlike in *Henderson,* appellant was advised of the nature of the offense as shown by the following exerpt from the statement of facts of the trial:

"THE COURT: All right. Now, I want to make sure you understand the range of punishment. You understand the charge all right. You have indicated that. But I want to ask you again and state to you again that the indictment charges that on or about the 19th day of May of this year that you unlawfully, intentionally, and knowingly, caused the death of an individual Terrance Charles Gannon by shooting him with a firearm.

The indictment goes ahead, bring in an additional clause in the indictment, charging you with the commission of and the attempted commission of the offense of robbery of the said Terrance Charles Gannon at the same time of your shooting him with a gun. That makes it a capital case that we originally started out with. And the State has agreed, upon your plea, to the offense of murder, that the capital part of the indictment would

not be considered by the court, their waiving that part of the charge in the indictment. Do you understand sir?

THE DEFENDANT: Yes, sir."

Ground of error two is overruled.

The judgment of the trial court is affirmed. The appellant's attorney is ordered to appear in person before this court sitting en banc as aforesaid.

## OPINION ON MOTION FOR REHEARING

In his motion for rehearing, appellant makes additional challenges to the validity of his nolo contendere plea which appear to rest on his inaccurate reading of the record. So that appellant may better understand the judgment, we set out in greater detail what occurred in the court below.

During the jury selection stage of his capital murder trial, appellant decided to plead nolo contendere to the lesser offense of murder before the court without a plea bargain. A plea hearing was held on September 17, 1981. The most notable defect in this hearing was the apparent failure of the State to offer evidence to prove guilt.

On October 23, 1981, a hearing was held in which the appellant testified and called witnesses on the issue of punishment. Later, on October 26, 1981, the trial court, discovering that it had not followed the proper procedures in the original hearing, conducted a new plea-of-guilty hearing.

In response to various specific contentions made in appellant's rehearing brief, we have reviewed the events which occurred at the second plea-of-guilty hearing. The trial court withdrew its acceptance of appellant's plea of nolo contendere made earlier. The appellant then re-entered his plea of nolo contendere. Appellant was advised of all of his rights, and evidence was then offered by the State to show guilt. The requirements of Article 1.15, Texas Code of Criminal Procedure, were complied with.

After considering all of the points on rehearing, we are convinced that the judg-ment of the trial court should be affirmed. The motion for rehearing is overruled.