Armando MARROQUIN, Appellant,

v.

STATE of Texas, Appellee.

No. 13-82-108-CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1982.

Opinion on Motion for Rehearing
June 9, 1983.

Will Gray and Carolyn Garcia, Houston, for appellant.

Robert E. Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

PER CURIAM.

This is an appeal from a conviction for aggravated assault under Penal Code Section 22.02(a)(2). The indictment alleges that the offense occurred on or about November 27, 1980. Appellant is represented on appeal by his retained counsel Mr. Hector Azios of Harris County. Punishment was set by a jury at 7 years with a $3000 fine. On March 15, 1982, appellant gave notice of appeal following imposition of sentence. On March 22, 1982, appellant was released from custody on a $5000 appeal bond.

Article 40.09(5), Texas Code of Criminal Procedure (Vernon Supp.1982–83), provides that if a party to the appeal desires to have all or any portion of a transcription of the court reporter's notes included in the record, he "*shall*" so designate with the clerk in writing and within the time required by Section 2 of Article 40.09. That section provides that appellant "*shall*" file his designation specifying matters of inclusion in the record within 20 days after the giving

of notice of appeal. We find no designation from appellant in the record and presume none was filed.

On May 6, 1982, the 52nd day after the giving of notice of appeal, a motion was filed in the trial court signed by appellant and his attorney, the pertinent part of which reads as follows:

"Petitioner has been informed that a statement of facts in the case would cost approximately three thousand dollars and the sum of two thousand five hundred dollars would be required for legal fees. Petitioner attaches a pauper's oath to this petition and because time is of the essence, a hearing before this Honorable Court is prayed, at the earliest date convenient with the Court's docket to determine his indigency and prays for an order to furnish statement of facts in question and answer form from the court's reporter and for appointment of attorney on appeal."

The material part of the pauper's oath reads:

"Now comes Armando Marroquin, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel on appeal.

Defendant further states under oath that defendant is without funds, property or sufficient income; that because of his poverty he is unable to pay for a transcript of the evidence which is necessary to be filed with the Court of Criminal Appeals of the State of Texas;

Wherefore, he prays that the Court appoint counsel to represent him on appeal and that the Court direct the Court Reporter to prepare a statement of facts, as provided by law, in question and answer form, for use on appeal."

Article 40.09(3), Texas Code of Criminal Procedure (Vernon Supp.1982–83), provides that a statement of facts applicable to any proceeding occurring before notice of appeal "*shall*" be filed with the clerk for inclusion in the record not later than 60 days after notice of appeal.

Article 40.09(13), Texas Code of Criminal Procedure (Vernon Supp.1982–83), provides that extensions for time for meeting the limits prescribed by Section 3 for either the appellant or the State "*may be granted*" by the appellate court in which the case will be filed or a judge thereof for good cause shown on timely application to the appellate court.

Rule 6, Texas Criminal Appellate Rules, as amended February 1, 1982, provides that all motions for extension of time "*shall*" be filed before the deadline for the filing of the item in question. The deadline for filing the statement of facts was May 14, 1982. On or before that date, no motion was filed to extend that deadline pending the outcome of the indigency hearing.

On May 24, 1982, the trial court held a hearing on appellant's indigency motion. After the hearing, the motion was denied. On May 26, 1982, the Court of Appeals received a copy of the order from the indigency hearing which reads as follows:

"ORDER

On this the 24th day of May, A.D., 1982, came on to be heard the Motion of Petitioner, Armando Marroquin, to be declared an indigent and have the Court appoint him an attorney for his appeal, at public expense, as well as his motion for the cost of the statement of facts to be provided at public expense. This cause was called for trial and the State appeared by her District Attorney, Robert E. Bell, and the Petitioner, Armando Marroquin, appeared in person along with his attorney of record, Mr. Hector Azios. At the close of the evidence and arguments, the Court found and it appear to the Court that said motion shall in all things be denied.

It is therefore ordered, adjudged and decreed that Petitioner's motions be denied and that Petitioner not be declared an indigent, and further, that Petitioner not receive a statement of facts or an attorney for appeal at public expense.

It is so ordered this the 25th day of May, A.D., 1982.

Judge Marion M. Lewis"

On June 24, 1982, appellant filed a motion to extend the deadline for filing the statement of facts from the indigency hearing to August 1, 1982. On June 30, 1982, the statement of facts from the indigency hearing was received by the Court of Appeals from the court reporter. Appellant's motion for extension of time was granted on August 26, 1982, with instructions to the clerk to mark the statement of facts filed as of the day of its receipt, June 30, 1982.

On June 3, 1982, the district clerk mailed Mr. Azios a notice of completion of the record. No objections to the record were filed. The notice of completion letter made specific mention that the record did not contain a statement of facts. No motions were filed in this Court requesting to extend the deadline for filing statement of facts. On June 21, 1982, notice of approval of the record was mailed to Mr. Azios. On June 25, 1982, the record, without a statement of facts, was filed in the Court of Appeals. On June 30, 1982, the statement of facts from the May 24 indigency hearing was received and filed in the Court of Appeals.

Appellant's brief was due in the Court of Appeals within 30 days after the mailing of the notice of approval of the record, that is, on July 21, 1982. Art. 40.09(8), (9), Texas Code of Criminal Procedure (Vernon Supp. 1982–83). That day came and passed, and no brief was filed. No motions for extension of time were filed on or before July 21, 1982.

On September 9, 1982, the Court of Appeals made the following order which was served on Mr. Azios by certified mail:

"ORDER TO FILE BRIEF

This case is on appeal from a conviction for aggravated assault. The record was filed in this Court on June 25, 1982. No brief for the appellant has been filed within the time limits prescribed by Article 40.09(9), Texas Code of Criminal Procedure.

It is therefore ORDERED that appellant's counsel of record, the Honorable Hector R. Azios, *shall* file a brief in this Court in appellant's behalf on or before September 24, 1982. The State shall file its brief with this Court within 15 days after appellant files his brief.

PER CURIAM" (emphasis supplied)

The return receipt shows that Mr. Azios received the order on September 10, 1982. September 24, 1982, came and passed with no brief being filed. No motion for extension of time was filed either.

On October 4, 1982, a new motion to extend the deadline for filing the brief from September 24, 1982, until October 9, 1982, was filed by attorney Will Gray, acting for attorney Azios. We set out pertinent parts of that motion:

"MOTION FOR EXTENSION OF TIME

The appellant, on September 28, 1982, files his Motion for an extension of time in which to file the brief in support of his claim that the trial court erred in denying his motion to proceed as an indigent, thereby depriving him of the assistance of counsel and a trial statement of facts on appeal.

The undersigned lawyer agreed to file a brief for Mr. Hector Azios, appellant's trial and appellate counsel, after this Court ordered such a brief filed by September 24, 1982.

Mr. Azios paid the court reporter to transcribe the proceedings on Marroquin's affidavit and motion of indigency at his own expense.

It is not clear from the records furnished by Mr. Azios that notice of appeal was timely given in the trial court. The trial judge stated at the indigency proceedings that: 'a motion has been filed back on *May 6th* alleging that the movant defendant has given notice of appeal from the jury verdict and judgment entered back on *March 15, 1982,* and a Pauper's Oath is attached and is asking that a hearing be

had on this matter concerning the defendant's solvency at this time . . .'

The Clerk's transcript of the trial proceedings has not been made available to present counsel and must be obtained from the Jackson County district clerk, in order that this information may be obtained. . . .

6. The length of time requested for the extension is: fifteen (15) days, to and including October 9, 1982.

8. The facts relied upon to show good cause for the requested extension are: Attorney Azios has had little experience in filing appeals in criminal cases. Because of his inexperience, he has been unable to meet the deadline set by the Court for filing the brief. Will Gray has agreed to file the brief for Mr. Azios and will do so as soon as he can obtain a copy of the transcript and determine whether or not notice of appeal was timely given, and, if it was not, to move this Court for leave to give out-of-time notice of appeal.

Will Gray, on behalf of the appellant and Mr. Azios, requests an extension of time to and including the 9th day of October, 1982."

The motion for extension of time was granted, extending the brief deadline to October 9th. October 9th came and passed, and no brief was filed. On October 14, 1982, the following letter was sent to Mr. Gray:

"Dear Mr. Gray:

The deadline for filing appellant's brief in the above referenced case was October 9, 1982. The deadline has passed and no brief has been filed.

Article 40.09(2), Texas Code of Criminal Procedure (Vernon Supp.1982), provides that 'Within *30 days* after approval of the record by the court, the appellant *shall file* with the clerk of the appellate court the original and three copies of his appellate brief . . .' Attorneys who fail to file briefs are subject to contempt powers of this Court, a possible finding that they have rendered ineffective assistance of counsel, and/or other sanctions for failing to comply with the mandatory requirements of this Article and other rules relating to the filing of appellate briefs.

The Court on its own motion has granted an additional 15 days from the date of this letter in which the appellant is to comply with this briefing requirement. This case is set for submission on November 18, 1982. Thereafter, the Court will proceed to consider the appeal and/or take such other action as may be required by the circumstances."

Neither Mr. Gray nor Mr. Azios filed a brief as permitted in the latest extension of time granted by the Court. The case was submitted on November 18, 1982, as ordered by the Court. The appeal is before us on a transcript without a statement of facts from the trial on the merits and on a statement of facts of the trial court's hearing on indigency. No brief was filed concerning the trial or the indigency hearing by either of appellant's attorneys.

We review the record that is before us, including the trial court's findings that appellant was not indigent. The evidence adduced at that hearing shows appellant's net income after federal income and social security taxes to be $24,292 per year and his yearly cost for food, clothing, shelter, transportation, fuel, insurance and retail purchases for himself and family to be $15,600. Using these figures, appellant's income after taxes exceeds his living expenses by over $8,500. The evidence amply supports the trial court's findings that appellant was not indigent. We have carefully examined the entire transcript, including the indictment and the trial court's charge, and find that each is free of fundamental error. The judgment of the trial court is AFFIRMED.

These two attorneys, Mr. Hector Azios and Mr. Will Gray, have made a mockery of the rules of criminal procedure and the orders of this Court. Their inaction has caused considerable delay in the appellate process of this particular case. Their inaction has unnecessarily taken up the time of this Court to the detriment of other pend-

ing cases. Their inaction has cost the State of Texas considerable expense all because of the unwarranted delays attributed to the attorneys. This conduct will not be permitted by this Court.

Accordingly, it is ordered that attorney Will Gray and attorney Hector Azios shall, individually or jointly, file a motion for rehearing in this cause within 15 days after this date. See Rule 208, Texas Criminal Appellate Rules. Each attorney is further ordered to file a brief in support of the motion for rehearing.

### ORDER TO SHOW CAUSE

It is further ordered that attorney Hector Azios shall appear in person in the courtroom of the 13th Court of Appeals, Nueces County Courthouse, 901 Leopard, Corpus Christi, Texas, at 9 o'clock a.m. on Wednesday, January 19, 1983, before the Court en banc, to show cause why he should not be held in contempt of this Court for his failure to comply with the order of this Court in this cause dated September 9, 1982.[1]

It is further ordered that attorney Will Gray of Simonton, Fort Bend County, Texas, is hereby ordered to appear in person before this Court sitting en banc on the 19th day of January, 1983, at 9:30 o'clock a.m. and explain his action and to receive from this Court such sanctions as the Court deems proper and necessary.[2]

The judgment of the trial court is AFFIRMED.

### APPENDIX

(NUMBER 2609cr)

NUMBER 13–82–108–CR
COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\*    \*    \*    \*    \*    \*

IN RE HECTOR AZIOS

\*    \*    \*    \*    \*    \*

---

1. See Appendix.

Ancillary to Armando Marroquin v. State of Texas Number 13–82–108–CR ( # 2609cr)

\*    \*    \*    \*    \*    \*

### ORDER TO SHOW CAUSE

On June 21, 1982, notice of approval of the record in this cause was mailed to appellant's retained counsel, Mr. Hector Azios, of Harris County, Texas.

Appellant's brief was due in the Court of Appeals within 30 days after the mailing of the notice of approval of the record, that is, on July 21, 1982. That day came and passed, and no brief was filed. No motions for extension of time were filed.

On September 9, 1982, the Court of Appeals made the following order which was served on Hector Azios by certified mail:

"(NUMBER 2609)

NUMBER 13–82–108–CR
COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\*    \*    \*    \*    \*    \*

ARMANDO MARROQUIN, Appellant,

V.

STATE OF TEXAS, Appellee.

\*    \*    \*    \*    \*    \*

On appeal from the 24th District Court of Jackson County, Texas.

\*    \*    \*    \*    \*    \*

### ORDER TO FILE BRIEF

This case is on appeal from a conviction for aggravated assault. The record was filed in this Court on June 25, 1982. No brief for the appellant has been filed within the time limits prescribed by Article 40.09(9), Texas Code of Criminal Procedure.

---

2. *Harold Emery Harmon v. State of Texas,* 649 S.W.2d 93 (Tex.App.—Corpus Christi 1982, no writ).

It is therefore ORDERED that appellant's counsel of record, the Honorable Hector R. Azios, shall file a brief in this Court in appellant's behalf on or before September 24, 1982. The State shall file its brief with this Court within 15 days after appellant files his brief.

PER CURIAM

ORDER delivered and

filed this the 9th

day of September, 1982."

The return receipt from that mailing shows that Mr. Azios received notice of the order on September 10, 1982. September 24, 1982, came and passed with no brief being filed or motion for extension of time was filed.

Hector Azios is in violation of the above order of September 9, 1982.

It is therefore ordered that Hector Azios shall appear in person in the courtroom of this Court at 9 o'clock a.m. on Wednesday, January 19, 1983, to show cause why he should not be held in contempt of this Court.

It is further ordered that the Clerk of this Court cause a certified copy of this order to be served on Hector Azios by certified mail, return receipt requested, with delivery restricted to addressee only or give other personal notice to Hector Azios of this Order with proof of delivery.

PER CURIAM

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

In our Per Curiam opinion of December 30, 1982, this Court ordered attorneys Will Gray and Hector Azios to file a motion for rehearing in this cause within fifteen days of the opinion. It was further ordered that the motion for rehearing be accompanied by a brief in support of the motion. Accordingly, appellant's motion for rehearing was due in this Court on or before January 14, 1983. No motion for rehearing was timely filed. No motion for extension of time to file the motion for rehearing was filed.

On January 17, 1983, this Court received appellant's motion for rehearing with accompanying brief. Pursuant to Rules 208 and 209, Texas Criminal Appellate Rules, the final ruling of this Court was the 16th day after the date of the delivery of the court's opinion, or January 15, 1983. Because the motion for rehearing was filed late, and because no motion for extension of time to file the motion for rehearing was timely filed, this Court is now without jurisdiction to consider the motion for rehearing.

The motion for rehearing is dismissed.

APPENDIX

NUMBER 2609cr

13–82–108–CR

COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS

CORPUS CHRISTI

\*      \*      \*      \*      \*      \*

IN RE HECTOR AZIOS

\*      \*      \*      \*      \*      \*

Ancillary to Armando Marroquin v. State of Texas; Number 13–82–108–CR (2609cr)

\*      \*      \*      \*      \*      \*

JUDGMENT OF CONTEMPT

On June 21, 1982, notice of approval of the record in this cause was mailed to appellant's retained counsel, Mr. Hector Azios, of Harris County, Texas.

Appellant's brief was due in the Court of Appeals within 30 days after the mailing of the notice of approval of the record, that is, on July 21, 1982. The day came and passed, and no brief was filed. No motions for extension of time were filed.

On September 9, 1982, the Court of Appeals made the following order which was served on Hector Azios by certified mail:

"(NUMBER 2609)

NUMBER 13–81–108–CR
COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\* \* \* \* \* \*

ARMANDO MARROQUIN, Appellant,

V.

STATE OF TEXAS, Appellee.

\* \* \* \* \* \*

On appeal from the 24th District Court of Jackson County, Texas.

\* \* \* \* \* \*

ORDER TO FILE BRIEF

This case is on appeal from a conviction for aggravated assault. The record was filed in this Court on June 25, 1982. No brief for the appellant has been filed within the time limits prescribed by Article 40.09(9), Texas Code of Criminal Procedure.

It is therefore ORDERED that appellant's counsel of record, the Honorable Hector R. Azios, shall file a brief in this Court in appellant's behalf on or before September 24, 1982. The State shall file its brief with this Court within 15 days after appellant files his brief.

PER CURIAM

ORDER delivered and
filed this the 9th
day of September, 1982."

The return receipt from that mailing shows that Mr. Azios received the order on September 10, 1982. September 24, 1982, came and passed with no brief being filed. No motion for extension of time was filed.

On December 30, 1982, the Court issued the following order to show cause:

"(NUMBER 2609cr)

NUMBER 13–82–108–CR
COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\* \* \* \* \* \*

IN RE HECTOR AZIOS

\* \* \* \* \* \*

Ancillary to Armando Marroquin v. State of Texas Number 13–82–108–CR (2609cr)

\* \* \* \* \* \*

ORDER TO SHOW CAUSE

On June 21, 1982, notice of approval of the record in this cause was mailed to appellant's retained counsel, Mr. Hector Azios, of Harris County, Texas.

Appellant's brief was due in the Court of Appeals within 30 days after the mailing of the notice of approval of the record, that is, on July 21, 1982. That day came and passed, and no brief was filed. No motions for extension of time were filed.

On September 9, 1982, the Court of Appeals made the following order which was served on Hector Azios by certified mail:

'(NUMBER 2609)

NUMBER 13–82–108–CR
COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\* \* \* \* \* \*

ARMANDO MARROQUIN, Appellant,

V.

STATE OF TEXAS, Appellee.

\* \* \* \* \* \*

On appeal from the 24th District Court of Jackson County, Texas.

\* \* \* \* \* \*

## ORDER TO FILE BRIEF

This case is on appeal from a conviction for aggravated assault. The record was filed in this Court on June 25, 1982. No brief for the appellant has been filed within the time limits prescribed by Article 40.09(9), Texas Code of Criminal Procedure.

It is therefore ORDERED that appellant's counsel of record, the Honorable Hector R. Azios, shall file a brief in this Court in appellant's behalf on or before September 24, 1982. The State shall file its brief with this Court within 15 days after appellant files his brief.

## PER CURIAM

ORDER delivered and

filed this the 9th

day of September, 1982.'

The return receipt from that mailing shows that Mr. Azios received the order on September 10, 1982. September 24, 1982, came and passed with no brief being filed. No motion for extension of time was filed.

Hector Azios is in violation of the above order of September 9, 1982.

It is therefore ordered that Hector Azios shall appear in person in the courtroom of this Court at 9 o'clock a.m. on Wednesday, January 19, 1983, to show cause why he should not be held in contempt of this Court.

It is further ordered that the Clerk of this Court cause a certified copy of this order to be served on Hector Azios by certified mail, return receipt requested, with delivery restricted to addressee only or give other personal notice to Hector Azios of this Order with proof of delivery.

PER CURIAM

Order delivered and

filed this the 30th

day of December, 1982."

The order to show cause was personally served on Hector Azios on January 12, 1983. The order was also served on Mr. Azios by certified mail on January 3, 1983.

As of the day of this judgment, no brief has been filed in behalf of appellant Armando Marroquin as ordered by this Court on September 9, 1982.

On January 19, 1983, Hector Azios appeared before the Court en banc as ordered. At his request the hearing was recessed until January 26, 1983. On that date Mr. Azios appeared with his counsel, the Honorable Carolyn Garcia of Harris County.

The Court waived the oath, and Mr. Azios testified in defense of the conduct alleged in the order to show cause. No other evidence was adduced.

The Court finds that the testimony of Hector Azios is insufficient to show adequate cause as to why he should not be held in contempt of this Court and punished.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Thirteenth Court of Appeals that Hector Azios is in contempt of this Court for violation of this Court's order to file a brief issued on September 9, 1982, as shown by the official records of this Court.

Having found Hector Azios guilty of contempt of court, his punishment is assessed at a fine of FIVE HUNDRED DOLLARS ($500.00). Hector Azios is ordered to pay this fine to the Clerk of this Court on or before five o'clock p.m., Monday, January 31, 1983.

SIGNED on this the 26th day of January, 1983.

/s/ Paul W. Nye
PAUL W. NYE
Chief Justice

/s/ Gerald T. Bissett
GERALD T. BISSETT
Associate Justice

/s/ Horace S. Young
HORACE S. YOUNG
Associate Justice

/s/ Norman L. Utter
NORMAN L. UTTER
Associate Justice

/s/ Noah Kennedy
NOAH KENNEDY
Associate Justice

NUMBER 2609cr

13–82–108–CR

COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\*　\*　\*　\*　\*　\*

IN RE WILL GRAY

\*　\*　\*　\*　\*　\*

Ancillary to Armando Marroquin v. State of
Texas; Number 13–82–108–CR (2609cr)

\*　\*　\*　\*　\*　\*

ORDER

TO: WILL GRAY

This Court finds that you have failed to
file a brief in Cause No. 13–82–108–CR,
styled Marroquin v. State of Texas in ac-
cordance with the Rules of Criminal Proce-
dure, all as is set out in the Per Curiam
opinion of this Court rendered December 30,
1982.

Because of your failure to file a brief in
the above styled and numbered cause, we
are imposing the following sanctions.

You are hereby ordered not to accept any
appointments to represent indigent defend-
ants in the trial courts of record in the
Second Administrative Judicial District of
the State of Texas or in the appellate courts
in that district for a period of six months
from this date.

The Clerk of this Court is ordered to
deliver a copy of this Order and the Court's
opinion in the above numbered and styled
cause to all trial courts of record in the
Second Administrative Judicial District,
suggesting to them not to appoint Attorney
Will Gray to represent any indigent defend-
ant for a period of six months from this
date.

PER CURIAM

Order delivered and
filed this the 26th
day of January, 1983.

NUMBER 13–82–108–CR

(NUMBER 2609cr)

COURT OF APPEALS

THIRTEENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

CORPUS CHRISTI

\*　\*　\*　\*　\*　\*

Sitting in Houston, Harris County, Texas

For the 14th Court of Appeals

By Virtue of an Order by the
Supreme Court of Texas

\*　\*　\*　\*　\*　\*

IN RE WILL GRAY

\*　\*　\*　\*　\*　\*

Ancillary to Armando Marroquin v.
State of Texas

\*　\*　\*　\*　\*　\*

ORDER

The order of this Court dated January 26,
1983, barring attorney Will Gray from ac-
cepting appointments to represent indigent
defendants in the trial courts of the 2nd
Administrative Judicial District or in the
appellate courts of that district for a period
of six months from that date is hereby
vacated in accordance with the Court of
Criminal Appeals' opinion dated May 11,
1983. *Ex Parte Will Gray,* 649 S.W.2d 640
(Tex.Cr.App.1983).

It is the further order of this Court that
our suggestion to the trial courts of record
in the 2nd Administrative Judicial District
not to appoint Will Gray to represent indi-
gent defendants for a period of six months
from that date is also vacated.

PER CURIAM

Order delivered and
filed this the 19th
day of May, 1983.