Affirmed and Opinion filed May 9, 2006









Affirmed
and Opinion filed May 9, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00223-CR

____________

 

GERARD DEWAYNE
ALLEN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 03CR0488

 



 

O P I N I O N

Appellant, Gerard Dewayne Allen, appeals
from his conviction for murder.  After
the trial court denied his motion to dismiss for violation of his right to a
speedy trial, appellant pleaded guilty pursuant to a plea bargain.  The trial court then found him guilty and
assessed punishment at ten years=
imprisonment.  In his sole issue on
appeal, appellant contends that his constitutional right to a speedy trial was
violated.  We affirm.








I. 
Background

The record reflects that appellant was
arrested on March 5, 2003, and indicted for murder on March 23, 2003.  According to the trial court=s docket sheet,
appellant told the court on April 17 that he had retained counsel, but on April
24, the attorney in question advised the court that in fact he had not been
retained by appellant.  On April 25, the
trial court appointed defense counsel to represent appellant.  An agreed discovery order and a docket
control order were issued on June 17, and the court set the case for trial on
September 22.  The court reset the case for
trial beginning November 29, 2003, and then again for January 1, 2004.  In the interim, appellant requested a
reduction in his bond.  On December 30,
2003, the court appointed a different attorney to represent appellant.  A docket entry reflects that the first
appointed attorney was Aremoved,@ but it does not
explain why and no related motion appears in the record.  The notice of appointment and the docket
sheet also indicate that the ANext Court Date@ was set for
February 9, 2004.  The docket entry for
that date reads: AAtty appeared for SCCCase reset on
trial docket.@  On
February 23, the court set the trial date for April 12, 2004.  On April 6, 2004, appellant filed a request
for the approval of funds to be used to hire a private investigator.  Appellant filed a second request on July 13,
and the trial court granted the request on October 5.  In the interim, the trial was reset first for
June 1, 2004, and again for November 29, 2004. 
At a pretrial conference on November 29, 2004, the State moved for a
continuance.  Apparently, a new
prosecutor had taken over the case.  In
the hearing on the motion to dismiss, defense counsel suggested that the first
prosecutor had been elected to a judgeship. 
The new prosecutor stated that she had asked for the continuance because
she had just been assigned to the case.

The court reset the case for a pretrial
conference on January 18, 2005.  On
January 19, 2005, appellant filed his motion to dismiss for failure to provide
him with a speedy trial.  The trial court
denied the motion after a hearing on February 14.  That same day, appellant pleaded guilty to
murder.  The trial court granted
appellant permission to appeal.

II. 
Standards of Review

A person accused of a crime is guaranteed
the right to a speedy trial by both the United States and Texas
constitutions.  U.S. Const. amend. VI; Tex.
Const. art. I, ' 10. 
Because appellant draws no distinctions between his rights under these
two sources of law, we treat them as being the same in this context.  See Luquis v. State, 72 S.W.3d 355,
364 & n.21 (Tex. Crim. App. 2002).

In the seminal case of Barker v. Wingo,
the United States Supreme Court observed that Athe right to a
speedy trial is a more vague concept than other procedural rights.@  407 U.S. 514, 521 (1972).  Thus, the Court rejected any bright line rule
and set forth a delicate balancing test that must be applied on a case-by-case
basis.  See id. at 530.  The Court advised that as a prerequisite to
applying the four balancing factors, a court must determine whether the delay
imposed on the accused was of such a length as to be presumptively prejudicial,
thus requiring further analysis.  Id.
at 530-31.  The length of delay is
calculated beginning with the time the defendant is formally accused or
arrested.  Dillingham v. United States,
423 U.S. 64, 64-65 (1975).  Although the Barker
Court emphasized that the period of delay must be assessed based on the
circumstances of the particular case, in the later case of Doggett v. United
States, the Court noted that lower courts generally find further analysis
necessary when delay approaches one year. 
Doggett, 505 U.S. 647, 652 n.1 (1992); Barker, 407 U.S. at
530-31.  Once a court determines that the
period of delay is presumptively prejudicial, it then weighs the following four
factors: (1) the length of the delay, (2) the reasons for the delay, (3)
whether and to what degree appellant asserted his right to a speedy trial, and
(4) the degree of prejudice that resulted. 
Barker, 407 U.S. at 530. 
None of the factors alone is either necessary or sufficient to find a
violation of the right; A[r]ather, they are related factors and
must be considered together with such other circumstances as may be relevant.@  Id. at 533.








Although we review the trial court=s ruling under a
de novo standard, Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App.
1997), we give deference to the trial court=s factual
determinations.  State v. Munoz,
991 S.W.2d 818, 821 (Tex. Crim. App. 1999). 
Because no findings of fact were requested or entered, we assume that
the trial court made the factual findings necessary to support its ruling.  See id.

III. 
Analysis

Appellant was arrested on April 5,
2003.  On February 14, 2005, he pleaded
guilty, and the trial court found him guilty and assessed punishment at ten
years in prison.  Thus, over twenty-one
months passed between appellant=s arrest and the
determination of his guilt.  For purposes
of this opinion, we assume that such a delay was presumptively prejudicial
against appellant.  See, e.g., Harris
v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (assuming without
deciding that thirteen-month delay was sufficient to require further analysis
under Barker).  We now turn to an
analysis of the four Barker factors.

A. 
Length of Delay

The first factor we must consider under
the Barker balancing test is the length of the delay.  407 U.S. at 530.  As stated, over twenty-one months elapsed
between appellant=s arrest and the determination of his
guilt.  A delay of this duration is
certainly significant, but it is by no means extraordinary.  See Munoz, 991 S.W.2d at 829-30
(finding seventeenBmonth delay in attempted murder case was
not excessive and did not weigh heavily against the State); Harris v. State,
827 S.W.2d 949, 957 (Tex. Crim. App. 1992) (finding thirteenBmonth delay was
neither trivial nor extraordinary in capital murder case); see also Swisher
v. State, 544 S.W.2d 379, 380 (Tex. Crim. App. 1976) (finding delay of
three years and eight months did not constitute per se violation of the right
to a speedy trial).  This factor weighs
moderately in favor of finding a violation of the right to a speedy trial.

B. 
Reasons for Delay








Under the second Barker factor, we
must consider how much weight should be assigned to the different reasons for
the delay.  407 U.S. at 531.  A deliberate attempt to delay the trial
certainly weighs heavily against the government.  Id. 
A more neutral reason, such as negligence or a congested court docket,
weighs less heavily against the State.  Id.  A valid reason for the delay actually
justifies an appropriate period of delay. 
Id.  Lastly, delays
contributed to or caused by the defendant may actually constitute waiver of the
right to a speedy trial.  Id. at
528-30.  The State carries the burden of
demonstrating the reasons for the delay. 
Turner v. State, 545 S.W.2d 133, 136-38 (Tex. Crim. App.
1976).  In the absence of an assigned reason
for the delay, a court may presume neither a deliberate attempt on the part of
the State to prejudice the defense nor a valid reason for the delay.  Dragoo v. State, 96 S.W.3d 308, 314
(Tex. Crim. App. 2003).

Here, the record is mostly silent as to why
the case was reset for trial on several occasions.  The State suggests that the case was
relatively complex, given that it was a murder case with a lengthy list of
potential witnesses.  However, this would
be a valid reason only if such complexity actually caused the delay.  See Flores v. State, 951 S.W.2d 134,
141 (Tex. App.CCorpus Christi 1997, no pet.).  Largely because the case never went to trial,
the record contains scant evidence that the case=s complexity
caused the delay.  Likewise, although the
State asserts that plea negotiations may have delayed the trial, there is no
showing in the record of how much delay this may have caused, if any.  See generally Munoz, 991 S.W.2d at
822-25 (holding that good faith plea bargaining is a valid reason for delay).








On the other hand, the record contains no
evidence that the State deliberately attempted to delay trial.  At the hearing on appellant=s motion to
dismiss, the prosecutor explained the State=s one motion for a
continuance by stating that she had just received the case from another
assistant district attorney.  This excuse
appears to some degree valid, or at least neutral, especially since there is no
suggestion of subterfuge or pretext. 
Additionally, it should be noted that appellant apparently played a role
in the delay in that (1) he told the court that he had retained counsel when he
had not; (2) original defense counsel was removed and replaced by new defense
counsel; and (3) the ultimate defense counsel did not obtain a ruling on his
request for investigator funds until oneBandBaBhalf years after
appellant=s arrest. 
However, the fact remains that the State failed to provide any
explanation for most of the delay period; thus, this factor weighs slightly in
favor of finding that a violation occurred. 
See Dragoo, 96 S.W.3d at 314.

C. 
Assertion of the Right

The third Barker factor requires us
to consider whether and with what persistence appellant asserted his right to a
speedy trial.  407 U.S. at 531-32.  Although failure to assert the right does not
constitute waiver of the right, it does make it difficult for a defendant to
prove that he or she was denied a speedy trial. 
Id. at 532.  Here,
appellant filed his motion to dismiss for violation of his right to a speedy
trial less than a month before he pleaded guilty and the court determined his
guilt.  Although defense counsel stated
that he had raised the issue earlierCwhen the State made
its one motion for a continuanceCthere is no
showing of this in the record, and the trial court was within its discretion to
disregard it.  In Dragoo, the
Court of Criminal Appeals held that when a defendant did not assert his speedy
trial right until shortly before trial, the defendant had Aquietly acquiesced@ in the delay;
thus, this factor weighed heavily against finding a violation of the
right.  96 S.W.3d at 314-15.  Additionally, we note that appellant filed a
motion to dismiss rather than a request for a trial setting, which diminishes
the strength of his claim because it shows a desire to have no trial as opposed
to a speedy trial.  See, e.g.,
Parkerson v. State, 942 S.W.2d 789, 791 
(Tex. App.CFort Worth 1997, no pet.).  Accordingly, this factor weighs heavily
against finding that appellant=s right to a
speedy trial was violated.

D. 
Prejudice








The fourth Barker factor requires
us to examine the prejudice suffered by appellant as a result of the
delay.  See Doggett, 505 U.S. at
655-56 (suggesting that some presumptive prejudice will always exist from an
excessive delay in trial).  In
considering this factor, we must keep in mind the interests that the speedy
trial right was designed to guard:  (1)
to prevent oppressive pretrial incarceration, (2) to minimize the accused=s anxiety and
concern, and (3) to limit the possibility that the accused=s defense will be
impaired.   Barker, 407 U.S. at
531-32.    The last of the three types of
prejudice is the most serious because of its propensity to skew the fairness of
the entire system.  Id. at
532.  Claims of prejudice to preparation
of a defense must be founded in the record. 
See Deeb v. State, 815 S.W.2d 692, 706 (Tex. Crim. App.
1991).  Unsupported assertions of
prejudice are of little or no significance. 
Id.  The initial burden of
demonstrating prejudice lies with the defendant; however, once the defendant
presents a prima facie showing, the burden shifts to the State to show that the
defendant suffered no more serious prejudice than that caused by ordinary and
inevitable delay.  Munoz, 991
S.W.2d at 826.  A defendant who has
pleaded guilty, as appellant did here, may still be able to demonstrate
prejudice from delay.  See Doggett,
505 U.S. at 658; 42 George E. Dix &
Robert O. Dawson, Texas practice: Criminal Practice and Procedure ' 23.47
(2001).  But see Griffin v. State,
489 S.W.2d 290, 292 (Tex. Crim. App. 1973) (holding that defendant failed to
show any prejudice where his only claim was that he was not guilty and he later
pleaded guilty).

In his motion to dismiss, appellant argued
that he was prejudiced by the delay because defense witnesses had Adecreased memory
of the events.@ 
However, as noted above, assertions of defense prejudice that are not
supported by evidence in the record carry minimal weight.  See Deeb, 815 S.W.2d at 706.  At the hearing on the motion to dismiss,
appellant testified that he had constantly wanted to go to trial, that he
needed to proceed to trial to prove his innocence, and that waiting for trial
had caused him anxiety and concern.  Such
self-serving and limited testimony is of little use in our analysis.  Appellant has neither demonstrated any
impairment to his defense nor provided any details of the anxiety and concern
allegedly caused by the lack of a trial. 
The trial court was free to disregard the testimony, and we defer to the
trial court=s factual determinations.  See Munoz, 991 S.W.2d at 828-29.  Although appellant=s incarceration
for the entire delay period is of some concern, appellant=s inability to
demonstrate any specific prejudice weighs against finding that a violation of
the right to a speedy trial occurred.  See
Doggett, 505 U.S. at 655-56.

E. 
The Balance

Having analyzed the four Barker
factors, we must now balance them.  We
have determined that the length of the delay weighs moderately toward a finding
of a violation and that the State=s inability to
offer valid excuses for most of the delay period weighs slightly toward finding
a violation.  However, appellant=s failure to raise
the issue until immediately before the determination of his guilt and his
inability to demonstrate specific prejudice weigh heavily against finding a
violation.  Accordingly, we find that the
weight of the four factors balanced together is against a finding of a
violation of the right to a speedy trial. 
See Dragoo, 96 S.W.3d at 316 (arriving at a very similar
balance).  We overrule appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 9, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).